**UNITED STATES of America,**

v.

**Frelimo SHORTER, a/k/a John Smith Frelimo Shorter, Appellant.**

**No. 01–3384.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on April 26, 2002.

Filed May 3, 2002.

Before BECKER, Chief Judge, SCIRICA, and RENDELL, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant Frelimo Shorter was convicted of possessing a controlled substance with intent to deliver in violation of 21 U.S.C. § 841(a) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(c). The District Court had jurisdiction pursuant to 18 U.S.C. § 3742, and since Shorter is appealing a final judgment, we have jurisdiction pursuant to 28 U.S.C. § 1291.

Two police officers observed an apparent drug transaction in an area known for drug trafficking. The two officers separated in order to observe the suspicious activity more closely. One officer, approaching from the north end of the block, observed a transaction in which money was exchanged for an object. He also recognized Shorter as someone that he had arrested for drug transactions on the same block. The officer exited his vehicle and approached Shorter. As he did so, Shorter shouted the officer's name and ran, clenching his waist. When the officer caught Shorter, Shorter struggled, and during the struggle pulled out a gun, which the officer knocked from Shorter's hand. After he was subdued, the officers recovered the weapon, and they also found $217 and fourteen "baggies" of marijuana on his person. Shorter filed a pretrial motion to suppress the gun, money, and marijuana. The District Court held an evidentiary hearing, at which Shorter did not testify, and declined to suppress the evidence.

Before us, Shorter appeals the denial of the motion to suppress, and also raises a challenge to 18 U.S.C. § 922(g), claiming that the statute was enacted in violation of the Commerce Clause of the United States Constitution. We review the District Court's findings of fact on a denial of a motion to suppress for clear error, but we subject the District Court's legal analysis and application of law to facts to a plenary review. *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir.1998). Likewise, a question of the constitutionality of a statute is subject to plenary review. *United States v. Singletary*, 268 F.3d 196, 198–99 (3d Cir.2001). Because we find both of Shorter's arguments to be without merit, we will affirm the District Court.

Under our case law it is clearly established that, if the "facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe an offense had been committed," the officer had probable cause to arrest the suspect. *United States v. McGlory*, 968 F.2d 309, 342 (3d Cir.1992). Where probable cause to arrest exists, a search may be conducted, and any evidence thus recovered admitted. *Id.* at 343.

In *United States v. Singletary*, we considered the precise challenge to the validity of 18 U.S.C. § 922(g)(1) that is brought by Shorter. 268 F.3d 196. There we found that the statute, by its terms, regulates only those weapons that affect interstate commerce, and thus avoids the constitutional infirmity of 18 U.S.C. § 922(q)(1)(A) found in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). 268 F.3d at 204.

The District Court's denial of Shorter's suppression motion was based on its view that, because the police officers saw Shorter's conduct and his fleeing, they had reasonable suspicion that he was involved in criminal activity. As noted above, the gun was in plain view. We will not disturb the District Court's reasoning or the result it reached.

For the foregoing reasons, we will AFFIRM the judgment of the District Court.